IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MEREDITH KORNFELD, et al.,          )
                                    )
          Plaintiffs,               )
                                    )
vs.                                 )   Case No. CIV-07-438-L
                                    )
JULIAN KORNFELD, individually       )
and as co-trustee of Julian P.      )
Kornfeld Revocable Trust, et al.,   )
                                    )
          Defendants.               )

## **O R D E R**

On December 11, 2007, the court issued an order denying defendants' motion to compel production of documents relating to plaintiffs' sale of their interests in Mernan Royalty Corporation ("MRC"). The court found defendants' motion was not timely and that defendants had failed to demonstrate the requested information was relevant to a claim or defense in the pending action. This matter is before the court on defendants' motion to reconsider that ruling.

In the present motion, defendants continue to urge the grounds presented in the original motion to compel. Those arguments, however, are not compelling, nor is defendants' attempt to demonstrate relevance based on new allegations of fraud. On December 5, 2006, defendants entered into a written agreement in which they stipulated that the price paid by the buyers of MRC "represents the fair market value

1

of [MRC] and that the percentage of such Purchase Price ultimately distributed to them from the escrow represents the fair market value of their shares of [MRC] owned by virtue of their claimed vested rights in the ESOP shares." Exhibit 8 to Plaintiffs' Response and Objection to Defendants' Motion to Compel Production of Documents at ¶ 5 (Doc. No. 57).[1] That agreement is not at issue in this lawsuit, and because the parties entered into that agreement, the contracts regarding the 2006 sale of MRC are not relevant to this action. Defendants' assertion that they need more of the documents reflecting plaintiffs' sale than they have been provided[2] because they "have asserted a claim for fraud in their Motion for Summary Judgment and their Counterclaim"[3] is thus disingenuous at best. Defendants' "fraud" allegations are in support of their argument for reformation of § 3.3.2 of the

---

[1] In the settlement agreement, defendants also stipulated:

> Sandstone, Gregg, Buffalo and Roy have agreed in an independent agreement to pay $800,000.00 for all of the issued and outstanding voting common stock of [MRC] (the "Purchase Price") and to include the voting common shares of the ESOP . . . . Since there is a dispute as to the percent of voting common shares owned by the ESOP, at the closing, Sandstone, Gregg, Buffalo and Roy shall deposit in an escrow account with a bank to be named, an amount equal to 60.95940% of the Purchase Price, which has been calculated to be $109,998.00. **This is the maximum amount that [MRC] shall be obligated to pay Julian and Pat pursuant to the complete purchase of the [MRC] ESOP** . . . .

Id. (emphasis added).

[2] Plaintiffs produced a redacted version of the Purchase and Sale Agreement to defendants in July 2007. In addition, the Affidavit of Gregg Byram reflects "the agreed purchase price for MRC was $800,000.00." Exhibit 1 to at Motion to Reconsider Motion to Compel ¶ 5.

[3] Defendants' Reply to Plaintiffs' Response to Motion to Reconsider Motion to Compel at 4.

September 20, 2004 Settlement Agreement and have no bearing on the December 6, 2006 agreement.

As defendants have presented no reason for the court to reconsider its prior order, Defendants Motion to Reconsider Motion to Compel (Doc. No. 65) is DENIED. The court also denies plaintiffs' request to impose sanctions pursuant to Fed. R. Civ. P. 11.

It is so ordered this 31st day of March, 2008.

_____
TIM LEONARD
United States District Judge