IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MEREDITH KORNFELD, et al.,       )
                                 )
            Plaintiffs,          )
                                 )
vs.                              )        Case No. CIV-07-438-L
                                 )
JULIAN KORNFELD, individually    )
and as co-trustee of Julian P.   )
Kornfeld Revocable Trust, et al.,)
                                 )
            Defendants.          )

# O R D E R

On April 16, 2007, plaintiffs filed this action seeking damages for breach of

contract and a declaration that reformation of § 3.3.2 of a settlement agreement

entered into on September 20, 2004 was not warranted.[1]   Defendants

counterclaimed for reformation of § 3.3.2.  On October 30, 2007, plaintiffs filed an

amended complaint seeking only declaratory judgment and omitting any claim for

breach of contract.   Thereafter, the parties filed cross-motions for summary

judgment.  On March 31, 2008, the court entered an order denying defendants'

request for reformation of § 3.3.2.  The court held that the MRC Employee Stock

Ownership Plan ("ESOP") owned 12.67% of the issued and outstanding shares of

Mernan Royalty Corporation ("MRC").  As a result, the court found that the funds

payable to the ESOP owners was $101,360.00.  The court determined that it could

---

[1]The 2004 settlement agreement resulted from a 2004 lawsuit filed by defendant Julian
Kornfeld against his daughters, who are the plaintiffs in this action.  Kornfeld v. Kornfeld, Case No.
CIV-04-746-L (W.D. Okla. filed June 17, 2004).

not, however, declare the amounts due to the individual ESOP owners because of a lack of evidence. The court therefore directed the parties to supplement the record with affidavits and supporting documentation on the distribution issue.

After the parties filed their initial supplemental briefs, the court issued an order setting this matter for a hearing on May 20, 2009. Approximately seven hours after the court issued its order setting the hearing, defendants filed a motion to reconsider the court's March 31, 2008 order. Defendants argued they were entitled to default judgment in their favor because plaintiffs had not filed a reply to defendants' answer to plaintiffs' amended complaint. Plaintiffs were thus forced to respond to defendants' motion to reconsider while they were preparing for the hearing on the distribution issue. On May 30, 2009, the court summarily denied defendants' motion to reconsider. That same date, the court issued its order and judgment declaring that Julian, Meredith, and Nancy Kornfeld were each entitled to one-third of the funds payable to the ESOP owners.

Defendants appealed the court's orders on the merits to the Court of Appeals for the Tenth Circuit.[2] In the main, defendants presented the same arguments on appeal that they made to this court.[3] The Court of Appeals, however, was "not persuaded by any of these arguments." Kornfeld v. Kornfeld, Case No. 08-6131, slip

---

[2]Although defendants' notice of appeal (Doc. No. 111) indicated defendants were also appealing the court's order denying their motion to reconsider, their briefs on appeal did not address this issue.

[3]Defendants did not, however, continue to assert that plaintiffs' conduct amounted to fraud.

op. at 7 (10th Cir. Apr. 9, 2009) (hereinafter cited as "*Merits Opinion*"). On April 9, 2009, the Court of Appeals issued its Order and Judgment affirming the court's merits orders in all respects. Id. at 17.

While the case on the merits was on appeal, plaintiffs filed a motion requesting attorney's fees. On December 5, 2008, the court issued an order granting plaintiffs' motion. The court recognized that under the American Rule fees are not ordinarily recoverable absent a statutory or contractual basis. Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 2 (W.D. Okla. Dec. 5, 2008) (Doc. No. 123) (hereinafter cited as "*Fee Order*"). The court, however, found it had discretion to award fees pursuant to 28 U.S.C. § 2202.[4] It held an award of fees under the statute was appropriate based on defendants' conduct throughout the litigation, beginning with the fact that the lawsuit itself was even necessary. The court reasoned:

> This action was necessitated by defendants' insistence that reformation of the parties' 2004 settlement agreement was warranted. Defendants' counterclaim for reformation, however, was unsupported in either fact or law. Even after the court determined reformation was not proper, defendants continued to advance positions for which they presented no competent evidentiary support. *See* Order at 2-4 (Doc. No. 98). Plaintiffs were thus forced by defendants' actions to expend more to enforce their rights than they recovered individually, and the expenditure of fees by plaintiffs was necessary to secure relief to which

---

[4]In its first merits order, the court noted "that it has discretion to award [attorney's] fees pursuant to 28 U.S.C. § 2202 regardless of whether they are recoverable under state law. *See* Gant v. Grand Lodge of Texas, 12 F.3d 998, 1002-3 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994)." Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 11 (W.D. Okla. Mar. 31, 2008) (Doc. No. 74).

> they were clearly entitled. Failure to reimburse plaintiffs
> for their fees would, in effect, reward defendants for their
> obdurate behavior.

*Fee Order* at 3 (footnote omitted). Because defendants had not challenged the

reasonableness of the fees requested, the court entered judgment for plaintiffs for

the full amount of fees sought. <u>Id.</u> at 4.

Defendants appealed the fee award to the Court of Appeals for the Tenth

Circuit. On appeal, defendants argued, as they did in this court, that fees could not

be awarded pursuant to 28 U.S.C. § 2202. The Court of Appeals rejected this

argument, but nonetheless reversed the court's fee award. Without reference to

particular language, the fee panel found that the merits panel had "considerable

difficulty" with one issue: whether ESOP could be bound by the settlement

agreement. <u>Kornfeld v. Kornfeld</u>, Case No. 08-6263, slip op. at 12 (10th Cir. Aug.

11, 2009) (hereinafter cited as "*Fee Opinion*"). The merits order, however, had

summarily rejected defendants' argument on this point based on the lack of proof

regarding ESOP's legal status and the fact that "all individuals with any interest in

MRC or the ESOP were signatories to the settlement agreement". *Merits Opinion*

at 10. Nonetheless, the fee panel found that

> it is readily apparent that defendants' arguments were not
> unsupported in fact or law. Defendants produced
> admissible evidence in support of their arguments, and
> one legal point in particular seemed to cause the panel
> considerable difficulty – that the ESOP could not be bound
> by the settlement agreement because it was not a party to
> it. Thus, we conclude that the court's finding that

4

> defendants' counterclaim for reformation was
> "unsupported in either fact or law," *id.*, is inconsistent with
> the record on this point.[5]

*Fee Opinion* at 12. The Court then stated that "it appears the [district] court was of

the opinion that defendants' unsupported position regarding ownership of ESOP

shares was made [in] bad faith, which is an acknowledged exception to the

American Rule". Id. at 13. Finding that this court's explanation was insufficient, the

Court remanded this matter "for the court to make more specific findings on whether

defendants' conduct after the first merits order exhibited bad intent or improper

motive. If the court finds that it did, the court can determine the amount of fees and

costs *attributable to that conduct*, if any." Id. at 14 (emphasis added). In addition,

the Court invited this court to consider whether fees are appropriate in this case

because defendants acted "vexatiously, wantonly, or for oppressive reasons". Id.

at 13 n.2.

While the Court of Appeals agreed that this court could award fees pursuant

to 28 U.S.C. § 2202, its Order remanding the matter was much more circumscribed.

Defendants argue – and this court reluctantly agrees – that the Court of Appeals

directed this court to award fees only for conduct that occurred after the court issued

its first merits order on March 31, 2008.[6] Were the court not so constrained, it would

---

[5]The court notes that the Circuit's affirmation of the merits orders was entered on April 9, 2009, four months after this court issued its decision on the fee request.

[6]The Court's ruling constitutes law of the case and cannot be disregarded by this court. *See* Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1132 (10th Cir. 2001).

reissue an order pursuant to 28 U.S.C. § 2202 awarding plaintiffs the full amount of the fees they initially requested. Nonetheless, while the court believes defendants' conduct prior to March 31, 2008 was vexatious and unwarranted, it has limited its analysis to defendants' conduct after that date.

A finding that defendants acted with subjective bad faith is not necessary to find their conduct vexatious and subject to sanctions. *See* Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1202 (10th Cir. 2008). Rather, whether conduct is considered vexatious is based on an objective standard. The issue is whether the conduct, viewed objectively, manifests either intentional or reckless disregard of the parties' duties to the court. *See* Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987). If a party can be said to have acted "recklessly or with indifference to the law",[7] an award of fees may be appropriate. Likewise fees may also be awarded when a party "'is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted.'" Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1278 (10th Cir. 2005) (*quoting* Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998)).

Based on these standards, the court has examined defendants' conduct after the first merits order was issued and finds defendants acted vexatiously in a number of respects. First, defendants filed a warrantless motion to reconsider, forcing

_____

[7]Braley, 832 F.2d at 1511.

plaintiffs to respond to the motion at the same time they were preparing for an evidentiary hearing. Second, as noted in the court's first fee order, defendants continued to advance the same arguments the court had rejected and continued to do so without evidentiary support. *See Fee Order* at 3. In addition, defendants failed to provide relevant, requested documents regarding the ESOP during discovery.[8] In fact, the court found defendants' failure to produce such documents was willful "given the clarity of plaintiffs' discovery requests." Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 4 (W.D. Okla. May 30, 2008) (Doc. No. 98) (hereinafter cited as "*Second Merits Order*"). Despite the court's ruling – which defendants did not contest on appeal[9] – defendants continue to argue that "Plaintiffs never requested the ESOP document itself." Defendants' Response to Plaintiffs' Brief on the Issue Remanded to this Court by the Court of Appeals at 5 (Doc. No. 138). Defendants' continual misrepresentation of the record in this case[10] is further evidence of their cavalier attitude and their willingness to attempt to mislead the court. The court also considers that defendant Julian Kornfeld was not truthful when he testified during the evidentiary hearing held on May 20, 2008. Julian's testimony

---

[8]Although defendants' initial failure to provide such documents predates the court's first merits order, the court finds it can consider this failure given defendants' continuing obligation to supplement their initial disclosures and discovery responses.

[9]*Merits Opinion* at 10.

[10]The court notes defendants continued to misrepresent the record and case law on appeal. *See Merits Opinion* at 11 n.5, 12 n.6, and 15 n.8.

regarding alleged bonuses he received was completely lacking in credibility and was flatly contradicted by prior admissions. *See Second Merits Order* at 5.

The court thus finds that, based on defendants' conduct, an award of fees to plaintiffs is warranted. Defendants again do not contest the amount of fees requested by plaintiffs[11] except with respect to time spent prosecuting the motion for attorney's fees. Normally, an award of fees in a case includes compensation for the time expended in seeking such fees. The court, however, is mindful of the Court of Appeals' limited remand, which confines the court to awarding fees attributable to defendants vexatious conduct after the first merits order was entered. The court cannot say that plaintiffs' pursuit of fees, and particularly the expenditure of time on remand, is attributable to such conduct. The court thus awards plaintiffs $18,495.00 in attorney's fees, with post-judgment interest at the rate of 0.93 percent per annum from December 5, 2008 until paid.[12] Judgment will issue accordingly.

It is so ordered this 21st day of December, 2009.

_Tim Leonard_

TIM LEONARD
United States District Judge

---

[11]*See* Defendants' Supplement to Assist the Court on Remand and Brief in Support at 8 n.3 (Doc. No. 136).

[12]*See* Dalal v. Alliant Techsystems, Inc., 182 F.3d 757, 760 (10th Cir.1999) (post-judgment interest accrues from the date of the original judgment when attorney's fees award is vacated on appeal due to error in the amount of fees).