IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MEREDITH KORNFELD, et al.,           )
                                     )
            Plaintiffs,              )
                                     )
vs.                                  )        Case No. CIV-07-438-L
                                     )
JULIAN KORNFELD, individually        )
and as co-trustee of Julian P.       )
Kornfeld Revocable Trust, et al.,    )
                                     )
            Defendants.              )

# O R D E R

On April 16, 2007, plaintiffs filed this action seeking damages for breach of contract and a declaration that reformation of § 3.3.2 of a settlement agreement entered into on September 20, 2004 was not warranted.[1]  Defendants counterclaimed for reformation of § 3.3.2.  On October 30, 2007, plaintiffs filed an amended complaint seeking only declaratory judgment and omitting any claim for breach of contract.  Thereafter, the parties filed cross-motions for summary judgment.  On March 31, 2008, the court entered an order denying defendants' request for reformation of § 3.3.2.  Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 8-10 (W.D. Okla. Mar. 31, 2008) (Doc. No. 74) [hereinafter cited as "*First Merits Order*"].  The court held that the MRC Employee Stock Ownership Plan ("ESOP") owned 12.67% of the issued and outstanding shares of Mernan Royalty

---

[1]The 2004 settlement agreement resulted from a 2004 lawsuit filed by defendant Julian Kornfeld against his daughters, who are the plaintiffs in this action.  Kornfeld v. Kornfeld, Case No. CIV-04-746-L (W.D. Okla. filed June 17, 2004).

Corporation ("MRC").  As a result, the court found that the funds payable to the ESOP owners was $101,360.00.  The court determined that it could not, however, declare the amounts due to the individual ESOP owners because of a lack of evidence.  The court therefore directed the parties to supplement the record with affidavits and supporting documentation on the distribution issue.  Id. at 11.

After the parties filed their initial supplemental briefs, the court issued an order setting this matter for a hearing on May 20, 2009.  Approximately seven hours after the court issued its order setting the hearing, defendants filed a motion to reconsider the court's March 31, 2008 order.  Defendants argued they were entitled to default judgment in their favor because plaintiffs had not filed a reply to defendants' answer to plaintiffs' amended complaint.  Plaintiffs were thus forced to respond to defendants' motion to reconsider while they were preparing for the hearing on the distribution issue.  On May 30, 2009, the court summarily denied defendants' motion to reconsider.  That same date, the court issued its order and judgment declaring that Julian, Meredith, and Nancy Kornfeld were each entitled to one-third of the funds payable to the ESOP owners.

Defendants appealed the court's orders on the merits to the Court of Appeals for the Tenth Circuit.[2]  In the main, defendants presented the same arguments on

---

[2]Although defendants' notice of appeal (Doc. No. 111) indicated defendants were also appealing the court's order denying their motion to reconsider, their briefs on appeal did not address this issue.

appeal that they made to this court.[3]   The Court of Appeals, however, was "not persuaded by any of these arguments." Kornfeld v. Kornfeld, Case No. 08-6131, slip op. at 7 (10th Cir. Apr. 9, 2009) (hereinafter cited as "*Merits Opinion*").   On April 9, 2009, the Court of Appeals issued its Order and Judgment affirming the court's merits orders in all respects. Id. at 17.

While the case on the merits was on appeal, plaintiffs filed a motion requesting attorney's fees.   On December 5, 2008, the court issued an order granting plaintiffs' motion.   The court recognized that under the American Rule fees are not ordinarily recoverable absent a statutory or contractual basis. Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 2 (W.D. Okla. Dec. 5, 2008) (Doc. No. 123) (hereinafter cited as "*Fee Order*").   The court, however, found it had discretion to award fees pursuant to 28 U.S.C. § 2202.[4]   It held an award of fees under the statute was appropriate based on defendants' conduct throughout the litigation, beginning with the fact that the lawsuit itself was even necessary.   The court reasoned:

> This action was necessitated by defendants' insistence that reformation of the parties' 2004 settlement agreement was warranted. Defendants' counterclaim for reformation, however, was unsupported in either fact or law.   Even after the court determined reformation was not proper, defendants continued to advance positions for which they presented no competent evidentiary support. *See* Order

---

[3]Defendants did not, however, continue to assert that plaintiffs' conduct amounted to fraud.

[4]In its first merits order, the court noted "that it has discretion to award [attorney's] fees pursuant to 28 U.S.C. § 2202 regardless of whether they are recoverable under state law. *See* Gant v. Grand Lodge of Texas, 12 F.3d 998, 1002-3 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994)." *First Merits Order* at 11.

at 2-4 (Doc. No. 98).  Plaintiffs were thus forced by
defendants' actions to expend more to enforce their rights
than they recovered individually, and the expenditure of
fees by plaintiffs was necessary to secure relief to which
they were clearly entitled.  Failure to reimburse plaintiffs
for their fees would, in effect, reward defendants for their
obdurate behavior.

*Fee Order* at 3 (footnote omitted).  Because defendants had not challenged the

reasonableness of the fees requested, the court entered judgment for plaintiffs for

the full amount of fees sought.  Id. at 4.

Defendants appealed the fee award to the Court of Appeals for the Tenth

Circuit.  On appeal, defendants argued, as they did in this court, that fees could not

be awarded pursuant to 28 U.S.C. § 2202.  The Court of Appeals rejected this

argument, but nonetheless reversed the court's fee award.  The Court found that

defendants' arguments were not unsupported in fact or law as found by this court.

It therefore remanded this matter "for the court to make more specific findings on

whether defendants' conduct after the first merits order exhibited bad intent or

improper motive.  If the court finds that it did, the court can determine the amount of

fees and costs *attributable to that conduct*, if any."  Id. at 14 (emphasis added).  In

addition, the Court invited this court to consider whether fees are appropriate in this

case because defendants acted "vexatiously, wantonly, or for oppressive reasons".

Id. at 13 n.2.

On remand, the court accepted the Circuit's invitation to determine whether

fees were appropriate because defendants acted vexatiously.  On December 21,

2009, the court issued an order finding defendants acted vexatiously in a number of respects. *See* Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 6-8 (W.D. Okla. Dec. 21, 2009) (Doc. No. 139). The court therefore awarded plaintiffs $18,495.00 in attorney's fees.

Defendants again appealed, and on August 31, 2010, the Court of Appeals again reversed. The Court held

> "the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." Our cases are scrupulous in following the Supreme Court's dictates. We have stated that for "the exceedingly narrow bad faith exception" to the American Rule to apply, "there must be clear evidence that the challenged claim is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." "Whether the bad faith exception applies turns on the party's subjective bad faith," based on a district court's findings.

Kornfeld v. Kornfeld, Case No. 10-6013, slip op. at 9 (10th Cir. Aug. 31, 2010) (citations omitted; emphasis in original). The Court remanded to this court to make specific findings on whether defendants' conduct after the first merits order demonstrated bad intent or improper motive. Id.

Having examined the record in this case, the court cannot say that defendants acted with subjective bad faith. Defendants' arguments were not "so frivolous as to reflect impermissible conduct". Sterling Energy, Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1437 (10th Cir. 1984). Indeed, the court rejected defendants' assertions in the

main due to lack of proof, not because the claims lacked foundation.[5]  Moreover,

plaintiffs have presented no evidence that defendants acted with an improper

motive, such as to harass plaintiffs or to delay their receipt of funds.  The court

therefore cannot find that plaintiffs are entitled to fees under the bad-faith exception

to the American Rule.  Plaintiffs' request for attorney's fees is therefore DENIED.

It is so ordered this 23rd day of November, 2010.

_Tim Leonard_
_____
TIM LEONARD
United States District Judge

---

[5]This lack of proof was based, in part, on defendants' failure to provide documents they relied on to plaintiffs during discovery.  Kornfeld v. Kornfeld, Case No. CIV-07-438-L, order at 2-4 (W.D. Okla. May 30, 2008) (Doc. No. 98).